IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT E. HARRISON, #11936354 | § | |
| VS. | § | CIVIL ACTION NO. 4:07cv455 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner, an inmate confined in the Texas prison system, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was transferred to the undersigned by consent of the parties pursuant to 28 U.S.C. § 636 ( c).

Background

Petitioner is complaining about his Collin County conviction for assault on a public servant, enhanced with two prior felony convictions. Cause Number 199-81868-02. On August 15, 2003, he was found guilty and sentenced to twenty-five years' confinement. On October 13, 2004, Petitioner's conviction was affirmed. *Harrison v. State*, No. 10-03-00333-CR, 2004 WL 2306681 (Tex. App–Waco, October 13, 2004). The Texas Court of Criminal Appeals (CCA) allowed him to file an out-of-time Petitioner for Discretionary Review (PDR) on October 26, 2005. PD-1759-05. Ultimately, the CCA refused Petitioner's PDR on May 3, 2006.

Petitioner filed a state writ application for habeas corpus, which was dismissed as noncompliant, *Ex parte Harrison*, Application No. 19,773-05. The CCA denied Petitioner's sixth state writ application for habeas corpus on November 8, 2006, without written order. *Ex parte*

1

*Harrison*, Application No. 19,773-06, at cover.

Petitioner filed the instant petition, alleging that he is entitled to relief because the trial court erred by allowing a non-final prior conviction to be used as an enhancement, and because the State withheld favorable evidence. The Attorney General provided a Response, asserting that Petitioner's claims are procedurally barred and are without merit, to which Petitioner filed a Reply.

Federal Habeas Corpus Relief

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362,

402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843,

3

1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

## Procedural Defaults

Petitioner asserts that the trial court erred in allowing the alleged non-final prior felony conviction to be used at sentencing, subjecting him to habitual-offender punishment[1]. He also asserts that the State withheld favorable evidence in violation of *Brady*. In each of these issues, however, Petitioner failed to properly present these allegations to the Texas Court of Criminal Appeals. Thus, these claims are procedurally barred.

"A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the

---

[1] Petitioner argued in one of his state writs that the State failed to prove that one of his prior convictions was final; however, here, Petitioner is challenging the trial court's discretion in allowing the prior felony conviction to be used as an enhancement to his sentence.

exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *citing Coleman*, 501 U.S. at 735 n.1. If Petitioner presented the claims at this time to the Texas Court of Criminal Appeals in another state writ application, the court would find the claims to be procedurally barred under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Thus, Petitioner's claims would be barred from federal habeas review under the federal procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995), *cert. denied*, 515 U.S. 1153 (1995) (the Texas abuse of the writ doctrine is an adequate procedural bar for purposes of federal habeas review). The procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id*.; *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001).

Petitioner has failed to overcome the procedural bar by demonstrating either cause and prejudice for the defaults or that a fundamental miscarriage of justice would result from the court's refusal to consider the claims. *Fearance,* 56 F.3d at 642; *Finley*, 243 F.3d at 200. Accordingly, these claims are procedurally barred from federal habeas review.

Petitioner urges in his Reply that his earlier challenge to the State's failure to prove that one of his prior convictions was final should be considered as an exhaustion of his present claim. While the two claims are different, Petitioner has failed to show error even if this claim was not barred.

Petitioner was indicted for assault on a public servant alleged to have occurred on June 30, 2002. Enhancement Count A alleged that, prior to the commission of assault on a public servant, Petitioner had a prior, final conviction for burglary of a building in cause number 366-80294-01, Collin County, Texas, occurring April 5, 1991. Enhancement Count B alleged that Petitioner had

5

a prior, final conviction for robbery in cause number F86-003-MR, Collin County, Texas, occurring September 11, 1986. Enhancement Count C alleged that the conviction for robbery in Count B preceded his conviction for burglary in Count A and that both prior felony convictions preceded the instant assault on a public servant allegation. At trial, Petitioner's trial counsel objected to the use of the robbery conviction, claiming that the conviction was not final. He stated that the State had failed to prove that the robbery conviction was final on September 11, 1986, as alleged in the indictment. The trial court, in response to the objection, added a definition of "final" to the punishment charge. It read, "You are instructed that a conviction is final that results in a sentence not set aside or reversed. In the event that a case is appealed, it becomes final at the time that a mandate is issued, which affirms the case." The jury found the allegations in Count C "true," and sentenced Petitioner to twenty-five years' confinement.

Under Texas law, a conviction that has been appealed becomes "final" once the appellate-court mandate issues. *See Fletcher v. State*, 214 S.W.3d 5, 8 (Tex. Crim. App. 2007). When the record shows that a conviction has been appealed, the State must prove finality. *Id*. at 8-90. In this case, the record shows that Petitioner appealed his conviction in cause number F86-003-MR. However, the record also reveals that the State introduced a certified copy of the appellate mandate in Petitioner's prior burglary conviction (F86-003-MR), issued June 24, 1987. *See* State's Exhibit #37. Accordingly, the prior conviction, Cause No. F86-003-MR, was final prior to the commission of his burglary conviction on April 5, 1991. *See* Fifth Court of Appeals, Cause No. 05-86-00984-CR. Likewise, both convictions used for enhancement purposes were final prior to the commission of the assault of a public servant on June 30, 2002. Petitioner has failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. This issue is without merit.

Petitioner has also failed to show a *Brady* violation. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and
>
> (3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*.

In this issue, Petitioner's contention is tied to his other issue – that the State did not disclose the appellate mandate in his prior felony conviction that was used for enhancement in the present case. However, there was no withholding of evidence as the State introduced the appellate court mandate in State's Exhibit 37. Moreover, there was no withholding of evidence *favorable* to Petitioner – the mandate is arguably against Petitioner's interest. *Id*. Petitioner has not shown that there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. Additionally, Petitioner has failed to show that the

state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. Accordingly, this petition should be dismissed. It is therefore

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and Petitioner's case is **DISMISSED** with prejudice. It is further

**ORDERED** that all motions not previously ruled on are hereby **DENIED**.

**SIGNED this 21st day of September, 2010.**

                                             DON D. BUSH
                                             UNITED STATES MAGISTRATE JUDGE